Tommy A. REYNOLDS, III, Appellant,

v.

Bill WILDER, Appellee.

No. 12–88–00291–CV.

Court of Appeals of Texas,
Tyler.

March 31, 1989.

Eugene D. Stewart, Carrizo Springs, for appellant.

Clay Gossett, Henderson, for appellee.

PER CURIAM.

This is an appeal from a summary judgment entered in favor of appellee, Bill Wilder. We reverse and remand for trial on the merits.

On December 29, 1987, Bill Wilder filed suit against Tommy A. Reynolds, III and Leonard Leighton to collect the balance due on a promissory note in the original principal amount of $500,000.00, signed by Reynolds and Leighton and dated August 22, 1984. Reynolds filed a general denial. The action against Reynolds was severed, and the trial court entered a final judgment against Leighton.

On July 22, 1988, Wilder filed a motion for summary judgment against Reynolds. Wilder then filed a first amended motion for summary judgment on July 29, 1988. The hearing on the motion for summary judgment was set for August 31, 1988. On August 24, 1988, Reynolds filed a first amended original answer alleging various defenses including lack of written demand and the affirmative defense of failure of consideration. Also on August 24, 1988, Reynolds filed a response to Wilder's motion for summary judgment. On August 31, 1988, the day of the hearing, Wilder filed a motion to strike Reynolds' amended pleading and response to motion for summary judgment on the ground that they were not timely filed. On the same day, the trial court granted Wilder's motion and ordered the amended pleading and response stricken. The court then granted Wilder's motion for summary judgment rendering judgment against Reynolds in the amount of $372,887.67, together with postjudgment interest at the rate of 10%

per annum until paid, attorney's fees in the amount of $2,500.00, and costs of court. Reynolds appeals from the order granting summary judgment.

Reynolds presents three points of error contending that the trial court erred in (1) striking his response to motion for summary judgment, (2) striking his amended pleading, and (3) granting the motion for summary judgment.

■ Tex.R.Civ.P. 166a(c) provides that except on leave of the court, the adverse party, not later than seven days prior to the day of hearing, may file and serve opposing affidavits or other written response. Reynolds filed his response to motion for summary judgment on August 24, 1988, which is seven days before the hearing set on August 31, 1988. In the case of *Volvo Petroleum, Inc. v. Getty Oil Company*, 717 S.W.2d 134, 138 (Tex.App.— Houston [14th Dist.] 1986, no writ), the court held that the phrase contained in Tex.R.Civ.P. 166a(c), "not later than seven days prior to the day of the hearing," means that a written response to a motion for summary judgment can be filed, without leave of court, on the seventh day before the hearing. Reynolds' response to motion for summary judgment was timely filed, and the court erred in striking the response. We agree with that interpretation of the rule and sustain Reynolds' first point of error.

■ Wilder argues that even if the trial court erred in striking Reynolds' response, it is immaterial because Reynolds' amended pleading was not timely filed and was properly stricken. Wilder argues that since the amended pleading was properly stricken, Reynolds' response was unsupported by pleadings. We do not agree. First, we believe that it was an abuse of discretion for the trial court to strike Reynolds' amended pleading. Tex.R.Civ.P. 63 provides:

Parties may amend their pleadings ... provided, that any amendment offered for filing within seven days of the date of trial ... shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such amendments will operate as a surprise of the opposite party.

Accordingly, pleading amendments sought within seven days of the time of the trial are to be granted unless there has been a showing of surprise to the opposite party. *Rogers v. Gonzales*, 654 S.W.2d 509, 515 (Tex.App.—Corpus Christi 1983, writ ref'd n.r.e.). Wilder failed to make a showing of surprise. It is our view that even if the amended pleading which was filed seven days before the hearing would have operated to Wilder's disadvantage, the hearing on the motion could easily have been postponed to give extra time. Rule 63 has been given a liberal construction, and in view of the fact that a summary judgment is a harsh remedy, we believe that the court erred in striking Reynolds' pleadings.

Moreover, even in the absence of the amended pleading, since Reynolds timely filed his response to the motion for summary judgment, we can consider the summary judgment evidence it contained that did not rest upon affirmative defenses advanced in the stricken amended pleading. In his affidavit attached to his response to the motion for summary judgment, Reynolds denied receiving written demand for payment of the note installment due on August 22, 1987, as provided for in the note, and he denied receiving notice from Wilder that the entire balance on the note was due and payable.

The burden of demonstrating lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against the movant. *University of Texas Health Science Center at Houston v. Big Train Carpet of El Campo, Inc.*, 739 S.W.2d 792 (Tex.1987); *El Chico Corp. v. Poole*, 732 S.W.2d 306, 315 (Tex.1987); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678–79 (Tex.1979). The movant has the burden of establishing entitlement to a summary judgment by conclusively proving all elements of the cause of action as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Odeneal v. Van Horn*, 678 S.W.2d 941 (Tex. 1984); Tex.R.Civ.P. 166a(c).

The standards for reviewing a summary judgment are well established and are as follows:

1. The movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management,* 690 S.W.2d 546, 548–549 (Tex.1985). The appellate court will not consider evidence that favors the movant's position unless it is uncontroverted. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965).

█ Reynolds' testimony in his affidavit that he did not receive notice of the default on the note as required by the note itself raises a genuine issue of material fact as to one of the essential elements of Wilder's cause of action. Using the standards established by the Texas Supreme Court in *Nixon,* we conclude that Wilder failed to establish entitlement to a summary judgment as a matter of law because a genuine issue of material fact exists as to whether or not Reynolds received the written notice required by the note that the note was in default.

The summary judgment of the trial court is reversed, and the cause is remanded to the trial court for a trial on the merits.

COLLEY, J., not participating.