**Theresa BRADFORD, Appellant,**

v.

**Joseph S. ALEXANDER, M.D., Appellee.**

**No. 01–93–00188–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 31, 1994.

leading up to it that day.

Kurt G. Clarke, Houston, for appellant.

James R. Old, Jr., Houston, for appellee.

## OPINION

HEDGES, Justice.

In this case, we hold that the affidavit of a physician assistant is not competent evidence of the standard of care against which the doctor's conduct is measured in a medical malpractice case. Appellant, Theresa Bradford, alleged that she suffered chemically induced hepatitis as a result of appellee, Dr. Joseph S. Alexander's, negligent prescription of an antibiotic to which she was allergic. We affirm the judgment of the trial court.

**Facts**

Appellant first sought treatment for an acne condition from Dr. Alexander on July 18, 1989. At the doctor's request, she filled out a new patient information sheet. She testified on deposition that she informed Dr. Alexander that she was allergic to the prescription drug Bactrim. At the first visit, Dr. Alexander diagnosed her condition as cystic acne and prescribed a topical medication.

On August 15, 1989, appellant returned to Dr. Alexander's office, stating that she was disappointed with her progress. Dr. Alexander prescribed Bactrim to be used in conjunction with the topical medications already prescribed. On August 30, 1989, appellant went to a hospital emergency room complaining of fever and gastrointestinal pain. She testified that she spoke with Dr. Alexander by phone about her physical distress sometime before she went to the emergency room. She alleges that she was suffering from hepatitis, which had been chemically induced as a result of an allergic reaction to Bactrim.

In his affidavit supporting his motion for summary judgment, Dr. Alexander stated that appellant visited his office on August 31, 1989. It was at that visit that she told him, for the first time, that she was allergic to Bactrim. Even though he observed no

symptoms of an allergic reaction, he discontinued her use of Bactrim.

**Cause of Action**

Appellant sued Dr. Alexander for negligence, claiming that his prescription of a medication to which he knew she was allergic caused her to contract chemically induced hepatitis. Dr. Alexander answered, and some discovery was conducted. Dr. Alexander's first motion for summary judgment was denied April 8, 1992. At oral submission of his motion for reconsideration/rehearing on May 8, 1992, the trial court granted his request to resubmit his motion with only 21 days notice instead of the 45 day notice required by the court's local rules. His second motion for summary judgment was filed October 16, 1992. Appellant did not file a timely response to the second motion. The trial court granted Dr. Alexander's second motion and entered judgment.

**Summary Judgment Standard of Review**

■ In point of error two, appellant contends that the trial court erred in granting Dr. Alexander's motion for summary judgment because genuine issues of material fact exist. When a defendant moves for summary judgment, he must show that as a matter of law no material issues of fact exist to support the plaintiff's cause of action. *Arnold v. National County Mut. Fire Ins. Co.*, 725 S.W.2d 165, 166–67 (Tex.1987). A defendant's summary judgment should be granted if he is able to negate at least one element of the plaintiff's cause. *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.—Dallas 1991, no writ). When a movant for summary judgment has negated one of the essential elements of the plaintiff's cause of action, the burden is on the nonmovant to produce controverting evidence raising an issue of fact as to the negated element. *Garza v. Levin*, 769 S.W.2d 644, 645 (Tex.App.—Corpus Christi 1989, writ denied).

**Elements of a Medical Malpractice Action**

■ In a medical malpractice case, a plaintiff must prove all four of the following elements: 1) a duty by the physician to act according to a certain standard; 2) a breach of the applicable standard of care; 3) an injury; and 4) a causal connection between the breach of care and the injury. *White v. Wah*, 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ). Thus, in order to prevail at trial, appellant would have to establish that Dr. Alexander was negligent in his treatment and that his negligent acts caused her injury. *Duff v. Yelin*, 751 S.W.2d 175, 176 (Tex.1988).

**Evidence of Standard of Care**

■ A physician may properly rely upon his or her own affidavit in support of a motion for summary judgment in a medical malpractice case. *Knapp v. Eppright*, 783 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1989, no writ). The affidavit must state the standard of care, indicate that the standard would be used by a reasonably prudent physician under the same or similar circumstances, and state that the defendant physician adhered to that standard of care. *Wheeler v. Aldama–Luebbert*, 707 S.W.2d 213, 216–17 (Tex.App.—Houston [1st Dist.] 1986, no writ).

Dr. Alexander's affidavit sets out his qualifications and states his familiarity with the appropriate standard of care. He states that his treatment of appellant complied with that standard of care. He denies having performed any act of negligence. Finally, he states that his prescribing Bactrim did not cause or contribute to appellant's contracting hepatitis. His affidavit establishes the standard of care and his adherence to it, as a matter of law, unless appellant's controverting evidence raises a fact issue.

**Appellant's Controverting Evidence**

■ Even though appellant did not file a timely response to Dr. Alexander's motion for summary judgment, the trial court had before it summary judgment evidence filed in response to Dr. Alexander's first summary judgment motion. The court considers affidavits on file at the time of the summary judgment hearing, not just those filed with a current motion. The affidavits need not have been filed specifically in support of or in reply to the present motion for summary judgment. *McCurry v. Aetna Cas. & Sur. Co.*, 742 S.W.2d 863, 867 (Tex.App.—Corpus

Christi 1987, writ denied); TEX.R.CIV.P. 166a(c) (Vernon Supp.1994).

To contravene Dr. Alexander's sworn statement concerning the appropriate standard of care and his adherence to it, appellant filed the affidavit of Sylvia Tiller, a physician assistant. She stated that she is a "National Certified Physician Associate." She "graduated from Howard University in 1987 with a Bachelor of Science degree as a Physician Assistant." Thereafter, she "completed a two year internship in a surgery program at Montefiore Hospital in Bronx, New York." Ms. Tiller stated that

> [she is] familiar with the standard of care, treatment and diagnosis required of a practitioner in the area of medicine, with dermatology being a sub-speciality, whether that practitioner be a medical doctor or physician associate, the standard of care being equal between the two in regards to a patient such as Theresa Bradford, as such standard existed in 1989.

A physician assistant is a legally recognized health care provider in the State of Texas. The statutory qualifications of a physician assistant are set forth in the Physician Assistant Licensing Act, TEX.REV.CIV.STAT. ANN. art. 4495b–1 (Vernon Supp.1994). A physician's assistant must be supervised at all times by a licensed physician. *Id.* at § 13.

**Qualification as an Expert**

The general rule in Texas has been that in a medical malpractice case, only a practitioner of the same school of medicine was competent to establish the elements of a plaintiff's case. *Bowles v. Bourdon,* 148 Tex. 1, 219 S.W.2d 779 (1949); *Roark v. Allen,* 633 S.W.2d 804, 807 (Tex.1982). The Medical Liability and Insurance Improvement Act defines those who may testify as an expert witness on the issue of adherence to the standard of care. Such expert testimony is limited to (1) persons who are practicing medicine at the time of testimony or were practicing at the time the incident occurred and (2) persons whom a trial court determines are otherwise qualified to give expert testimony on the issue. TEX.REV.CIV.STAT. ANN. art. 4590i, § 14.01(b) (Vernon Supp. 1994). Ms. Tiller, as a physician assistant, does not practice medicine as contemplated

by the statute, and the trial court did not deem her otherwise qualified to give expert testimony on the standard of care owed by physicians.

Nor does caselaw support the competency of a physician assistant as an expert on the standard of care of a physician. In *Shook v. Herman,* 759 S.W.2d 743, 747 (Tex.App.— Dallas 1988, writ denied), the court of appeals required that a **doctor** testify about the standard of care and the defendant's breach of it. *Accord Hart v. Van Zandt,* 399 S.W.2d 791, 797 (Tex.1965); *Bowles,* 219 S.W.2d at 782; *Wendenburg v. Williams,* 784 S.W.2d 705, 706 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

In *Ponder v. Texarkana Memorial Hosp. Inc.,* 840 S.W.2d 476 (Tex.App.—Houston [14th Dist.] 1991, writ denied), the Fourteenth Court wrote that "Non-physicians may qualify as medical experts by virtue of special experience." *Id.* at 478. In that case, the court held that an individual with masters degrees in both physiology and biology and a doctorate in neuroscience (a multidisciplinary study of how the brain works) was competent to testify about causation of the plaintiff's brain damage. He could not testify, however, about the standard of care to which the defendant should be held because he had never treated patients.

█ We hold that Ms. Tiller was not a competent witness to opine about the standard of care to which a physician is held. We have found no authority in Texas to support the proposition that a physician assistant is qualified to testify about the standard of care a physician owes his or her patient. It would indeed lead to incongruity if we permitted a subordinate to testify as an expert concerning the standard of care to which we hold his or her supervisor, who has greater knowledge and training than the subordinate. We do not allow paralegals to testify about the standard of care a licensed attorney owes his client; a physician's assistant should not be treated with greater deference.

Because Ms. Tiller was not competent to testify about the standard of care Dr. Alexander owed to the plaintiff, her affidavit does

not raise a fact issue concerning his standard of care. Plaintiff has not complied with rule 166a(f), which requires that "opposing [summary judgment] affidavits ... shall show affirmatively that the affiant is competent to testify to the matters stated therein." TEX. R.CIV.P. 166a(f). Summary judgment affidavits that do not show competence to testify about the subject matter do not raise fact issues. *Lujan v. Tampo Mfg. Co.*, 825 S.W.2d 505, 509 (Tex.App.—El Paso 1992, no writ).

We find that Dr. Alexander's motion for summary judgment defeated one element of appellant's cause of action when he established the standard of care to which he should be held and testified by affidavit that he met that standard. We further find that appellant's summary judgment proof did not raise a fact issue about the standard of care and its breach.

We overrule point of error two. Our disposition of this point makes ruling on the other point of error unnecessary.

We affirm the judgment of the trial court.

HUTSON–DUNN and MIRABAL, JJ., also sitting.