**Dorothy S. WILLIAMS, Appellant,**

v.

**Astrid HUBER, M.D., Appellee.**

No. 14–96–01260–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 23, 1997.

Robert W. Musemeche, Houston, for appellant.

Dion C. Ramos, Michael R. Jackson, Houston, for appellee.

Before MURPHY, C.J., and HUDSON and FOWLER, JJ.

## OPINION

HUDSON, Justice.

Appellant, Dorothy S. Williams, appeals the trial court's granting summary judgment in favor of appellee, Astrid Huber, M.D., in a medical malpractice action. Williams raises three points of error: 1) the trial court abused its discretion in denying her motion for leave to file a late affidavit; 2) the trial court erred in overruling her motion to strike appellee's summary judgment evidence; and 3) the trial court erred in granting appellee's motion for summary judgment. We affirm.

## I. Background

On May 2, 1992, Williams went to Huber complaining of depression and numbness in her hands. At that time, Huber advised Williams, who was seventy-seven years of age, that she should have a mammogram because she had never had one. Huber also discussed with Williams the importance of self-examinations, and explained the method for conducting such self-examination and what she should look for with respect to any abnormalities. Huber examined Williams and found no abnormalities. Williams had her first mammogram on September 5, 1992. The radiologist's report revealed the presence of small nodules in her breast, which the radiologist characterized as benign, and did not indicate any micro calcification, which would normally indicate malignancy. This was consistent with Huber's clinical examination. Huber recommended that Williams have a follow up mammogram in six months and reemphasized the importance of self-examinations.

Between May 1992 and September 1994, although Williams went to Huber on several occasions, she never mentioned to Huber that she had found any abnormalities in conducting self-examinations. Williams went to Huber on February 4, 1993, complaining of coughing and fatigue. Huber prescribed a chest X-ray, which revealed congestive heart failure for which Huber referred Williams to a cardiovascular specialist. Huber next saw Williams on June 1, 1993, for neck and back injuries sustained in an automobile accident. Huber reminded Williams that it was past due for a follow up mammogram, but Williams wanted to wait. Huber failed to have the follow-up examination. On May 19, 1994, and July 1994, Williams went to Huber, complaining of arthritis. Finally, on September 12, 1994, Williams went to Huber with numbness in her right arm. Huber referred Williams to a doctor for neurological assessment, who, in turn, referred her to a cardiovascular surgeon.

On November 10, 1994, Williams referred herself to the hospital for an outpatient mammogram, which indicated a mass in her left breast. Huber received the report and called Williams to her office to discuss the results. Williams, for the first time, told Huber that she had initially noticed this mass in early 1994. Williams underwent a radical

mastectomy of her left breast on December 1, 1994.

Williams filed suit against Huber on March 1, 1995, alleging negligence. Huber filed her motion for summary judgment on March 1, 1996. Huber also filed a notice setting a hearing on April 1, 1996, on the motion for summary judgment. On March 8, 1996, the court signed a continuance and reset the hearing for May 13, 1996. Williams filed her response to the motion for summary judgment on May 6, 1996. On May 10, 1996, Williams filed a motion for leave to file an opposing affidavit late. On May 13, 1996, the trial court denied Williams' motion for leave to file an opposing affidavit and overruled Williams' objections to Huber's affidavit in support of her motion for summary judgment. The trial court then granted the motion for summary judgment. It is the trial court's granting of Huber's motion for summary judgment from which Williams now appeals.

## II. Standard of Review

A defendant is entitled to prevail on her motion for summary judgment if she can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex. 1970). The following standard for appellate review of a summary judgment is well established:

(1) the movant has the burden of showing that there is no genuine issue of material fact and it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## III. Elements of a Medical Malpractice Action

In order to prevail on a medical malpractice claim, the plaintiff must establish the following elements:

(1) a duty requiring the defendant to conform to a certain standard of conduct;

(2) the applicable standard of care and its breach;

(3) resulting injury; and

(4) a reasonably close causal connection between the alleged breach of the standard of care and the alleged injury.

*Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex. App.—Houston [1st Dist.] 1988, writ denied). In a medical malpractice case, both the establishment and preclusion of summary judgment are dependent upon expert testimony. *Chopra v. Hawryluk*, 892 S.W.2d 229, 231 (Tex.App.—El Paso 1995, writ denied) (citing *Hart v. Van Zandt*, 399 S.W.2d 791, 792 (Tex.1965)). The affidavit of an interested expert witness, such as a defendant doctor, can support summary judgment if the subject matter is such that a trier of fact would be "guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted." Tex. R. Civ. P. 166a(c); *Anderson v. Snider*, 808 S.W.2d 54, 55 (Tex.1991); *Republic Nat'l Leasing Corp. v. Schindler*, 717 S.W.2d 606, 607 (Tex.1986); *Perez v. Cueto*, 908 S.W.2d 29, 31 (Tex.App.—Houston [14th Dist.] 1995, no writ). If the interested expert witness presents evidence sufficient to support the motion for summary judgment, the opposing party must produce its own expert testimony to controvert the summary judgment proof. *Perez*, 908 S.W.2d at 31–32.

## IV. Motion for Leave to File Affidavit Late

Rule 166a(c) of the Texas Rules of Civil Procedure provides that a party opposing a motion for summary judgment must file its response and any affidavits not later than seven days prior to the summary judgment hearing. In order to file within seven days

of the hearing, the party must obtain leave of the trial court. *Id.; Benchmark Bank v. Crowder,* 919 S.W.2d 657, 663 (Tex.1996). It is within the trial court's discretion to allow the late filing of a response or affidavit opposing the motion for summary judgment prior to signing the summary judgment. *Bell v. Moores,* 832 S.W.2d 749, 755 (Tex. App.—Houston [14th Dist.] 1992, writ denied); *Harkins v. State,* 773 S.W.2d 401, 403 (Tex.App.—Houston [14th Dist.] 1989, no writ).

In her motion for leave to file an opposing affidavit late, Williams explained the necessity of filing the affidavit late:

> The Plaintiff has made several attempts to obtain the services of an expert witness who meets the narrow and specific qualifications of Texas law in connection with medical negligence cases. This qualification requirement is in addition to the generalized difficulty in breaking the code of silence to which many medical professionals adhere. Nevertheless, the Plaintiff has been successful in securing the assistance of qualified experts to prosecute this case. One such expert, Dr. E.J. Mason, who's [sic] affidavit is attached, was unable to complete his review of the plaintiff's file and provide affidavit testimony until only late yesterday, May 9, 1996. Dr. Mason had been on a leave of absence while he attended a medical conference in Arizona, (to which he had chosen to drive his private automobile).

> \* \* \*

> The delay in filing the affidavit was not the result of conscious indifference or recklessness by the plaintiff or her counsel.

■ May 6, 1996, seven days prior to the hearing, was the last day on which Williams could timely file her expert's affidavit. *See Allen v. Roddis Lumber & Veneer Co.,* 796 S.W.2d 758, 761 (Tex.App.—Corpus Christi, 1990, writ denied); *Wright v. Lewis,* 777 S.W.2d 520, 522 (Tex.App.—Corpus Christi 1989, writ denied); *Reynolds v. Wilder,* 768 S.W.2d 463, 464 (Tex.App.—Tyler 1989, no writ). Williams had sixty-six days in which to procure the testimony of an expert witness and to file an affidavit in support of her

opposition to Huber's motion for summary judgment. As another court of appeals has stated, "it is incumbent upon all movants and respondents to devote particular attention to the time limits applicable to summary judgment practice." *White v. Independence Bank, N.A.,* 794 S.W.2d 895, 901 (Tex.App.— Houston [1st Dist.] 1990, writ denied). Therefore, we find the trial court did not abuse its discretion in refusing to grant Williams leave to file an opposing expert affidavit within seven days of the hearing on Huber's motion for summary judgment. *Bell,* 832 S.W.2d at 755.

Appellant's first point of error is overruled.

## V. Response to Interrogatories

In her second point of error, Williams claims the trial court erred in denying her motion to strike Huber's affidavit because it contained opinions that had not been previously disclosed in response to Williams' interrogatories. In her interrogatories to Huber, Williams requested, in addition to the identity and address of each expert witness who might be called to testify, the mental impressions and opinions of each expert. In response, Huber listed herself as an expert witness and stated without detailing her mental impressions or opinions, "Please see my answers to interrogatories and any other discovery response; please see my medical records for Dorothy Williams." Williams claims that the substance of Huber's affidavit exceeded the scope and substance of prior discovery and constituted "trial by ambush," thereby, hampering Williams' ability to respond to the motion for summary judgment.

■ Rule 166(a) of the Texas Rules of Civil Procedure provides a comprehensive scheme applicable to summary judgment proceedings prior to a trial on the merits is held. *Gandara v. Novasad,* 752 S.W.2d 740, 742 (Tex.App.—Corpus Christi 1988, no writ). Rule 166b sets forth the requirements for responding to discovery requests with respect to experts, which includes providing the mental impressions and opinions of such experts. Rule 215 provides that a party which fails to give a complete response to a discovery request shall not be entitled to

present such evidence at trial. *Alvarado v. Farah Mfg. Co.,* 830 S.W.2d 911, 914 (Tex. 1992). Williams provides no authority for the proposition that Rules 166b and 215 apply to summary judgment proceedings. Indeed, Texas courts consistently hold that Rule 166b does not apply to summary judgment proceedings with respect to the duty to supplement answers to interrogatories in order to use the affidavit of a previously undisclosed witness. *See, e.g., Purvis Oil Corp. v. Hillin,* 890 S.W.2d 931, 939 (Tex.App.—El Paso 1994, no writ); *Huddleston v. Maurry,* 841 S.W.2d 24, 28 (Tex.App.—Dallas 1992, writ dism'd w.o.j.); *Diaz v. Rankin,* 777 S.W.2d 496, 501 (Tex.App.—Corpus Christi 1989, no writ). We conclude Huber had no duty under Rule 166b to supplement her interrogatory response in order to utilize her affidavit in support of her motion for summary judgment. The trial court, therefore, did not err in overruling Williams' objections to Huber's affidavit.

We overrule appellant's second point of error.

### Expert Affidavit

■ In her third point of error, Williams claims that Huber's affidavit in support of her motion for summary judgment was not credible and there was no showing that her expert opinions were reliable. Contrary to Williams' assertions, the Texas Rules of Civil Procedure do not impose such a requirement. Rule 166a(c) sets forth requirements for the use of the affidavit an interested witness in support of a motion for summary judgment:

> A motion for summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

Therefore, in a medical malpractice action, a physician may properly rely on his or her own affidavit in support of a motion for summary judgment. *Bradford v. Alexander,* 886 S.W.2d 394, 396 (Tex.App.—Houston [1st

Dist.] 1994, no writ); *Edwards v. Garcia–Gregory,* 866 S.W.2d 780, 784 (Tex.App.—Houston [14th Dist.] 1993, writ denied); *Knapp v. Eppright,* 783 S.W.2d 293, 295 (Tex.App.—Houston [14th Dist.] 1989, no writ). The physician's affidavit must include the following:

(1) the physician's qualifications;

(2) the services performed for the patient/plaintiff over the treatment period;

(3) that the physician met the standard of care;

(4) specific denials of each of the allegations of negligence contained in the patient/plaintiff's petition;

(5) that her opinion is based upon a reasonable degree of medical probability; and

(6) that no act or omission on the physician's part caused any damage to the patient/plaintiff.

*Davis v. Manning,* 847 S.W.2d 446, 449 (Tex. App.—Houston [14th Dist.] 1993, no writ).

[7] A review of Huber's affidavit reveals that it satisfies the above requirements. It sets forth Huber's qualifications as a physician and her familiarity with the standard of care for a patient with Williams' condition. Huber's affidavit also recites the history of the doctor/patient relationship with Williams. Huber explains the treatment she recommended for Williams and specifically denies each allegation contained in Williams' petition. Huber states that her opinions are based on a reasonable medical probability and that her treatment of Williams did not cause any of her damages. We find, therefore, that Huber's affidavit is sufficient to support her motion for summary judgment. *See id.* Because Williams failed to file timely a controverting expert affidavit as required in a medical malpractice action, Huber was able to establish as a matter of law that no genuine issue of fact existed as to all elements of Williams' cause of action. *See Perez,* 908 S.W.2d at 32. The trial court did not err in granting summary judgment in favor of Huber.

Appellant's third point of error is overruled, and the judgment of the trial court is affirmed.