**Affirmed and Memorandum Opinion filed December 19, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00537-CV

---

**STOCKDICK LAND COMPANY, STEPHEN N. RINER, AND WADE A. RINER, Appellants**

**V.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, AND CARRINGTON MORTGAGE SERVICES, LLC, Appellees**

**and**

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, Appellant**

**V.**

**STOCKDICK LAND COMPANY, STEPHEN N. RINER, AND WADE A. RINER, Appellees**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-60974A**

---

# MEMORANDUM OPINION

This case involves a long-running dispute stemming from a tax foreclosure sale of a residential property. Each party appeals the trial court's take-nothing judgment following their motions for summary judgment on opposing parties' claims. We affirm.

## I.    BACKGROUND

Most of the history of this case is adequately conveyed in *Deutche Bank National Trust Co. v. Stockdick Land Co.*, 367 S.W.3d 308, 309–311 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (op. on reh'g). We briefly reiterate some of the pertinent facts in this opinion.

In 2006, Gordon and Susan Wittenberg refinanced a mortgage with New Century Mortgage Corporation. New Century pooled the Wittenberg mortgage with others and securitized the pool in a trust. Deutche Bank National Trust Company served as a trustee and custodian of documents while New Century acted as the servicer.

In 2007, Stockdick Land Company purchased the home at a tax foreclosure sale ordered by the 80th District Court—the trial court in this appeal. The Wittenbergs tried to redeem the property from Stockdick through, in part, a promissory note to Stockdick. Also in 2007, New Century went bankrupt. Carrington Mortgage Services, LLC acquired New Century's servicing business and assets, including servicing rights related to the trust. New Century authorized John Alkire, an executive vice president of Carrington, to execute documents on behalf of New Century related to Carrington's new servicing rights.

In 2008, Deutche Bank sued Stockdick for a declaratory judgment in the 215th District Court, seeking to establish that the lien on the property had been

2

revived by redemption.[1] In 2009, the 215th District Court rendered a final summary judgment in Stockdick's favor, and this court ultimately affirmed the judgment in the prior appeal because the redemption failed.

After the 215th District Court signed its final judgment, the court allowed Deutche Bank, over Stockdick's objection, to supplement its petition with a new claim for excess proceeds from the tax sale. The court severed the new claim from the declaratory judgment action into Cause No. 2008-60974A and transferred the case to the 80th District Court.

Following the severance and transfer, Deutche Bank added Stockdick's principals—Stephen and Wade Riner—as defendants. Stockdick and the Riners (collectively, the Stockdick parties) filed claims against Deutche Bank and Carrington (collectively, the Bank parties) for common law fraud and statutory fraud, among other claims. *See* Tex. Civ. Prac. & Rem. Code § 12.002 (relating to fraud in real estate transactions).

Over the course of several years, the litigants filed motions for summary judgment on the opposing side's claims, amended motions for summary judgment, amended pleadings, and supplemental evidence. Ultimately, the trial court rendered a judgment dismissing each side's claims and denying the Bank parties' motion for attorney's fees and sanctions. Deutche Bank, Carrington, Stockdick, and the Riners all appealed.

---

[1] Mortgages and liens are generally extinguished when a taxing authority forecloses for non-payment and sells the property, but such interests can be "revived" if the property is redeemed. *See Deutche Bank*, 367 S.W.3d at 313.

3

## II.    DEUTCHE BANK'S APPEAL[2]

Deutche Bank contends that the trial court erred by granting the Stockdick parties' motion for summary judgment on Deutche Bank's claim for the excess proceeds. The Stockdick parties contend that this court should affirm the summary judgment because Deutche Bank does not challenge on appeal at least one of the grounds urged in the summary judgment motion. We agree with the Stockdick parties.

In their motion for summary judgment, the Stockdick parties first addressed the preclusive effect of the 2007 judgment in the 80th District Court. Then, they argued, under a separate heading regarding the 2009 judgment in the 215th District Court, "Deutche Bank's claims are also barred by res judicata, judicial estoppel, and collateral estoppel, because of the final take nothing judgment entered on April 20, 2009 in Cause No. 2008-60974 . . . . After that final judgment was entered, Deutche Bank filed a new petition in Cause No. 2008-60974 which was severed into this case. The April 20, 2009 take nothing judgment in Cause No. 2008-60974 bars Deutsche Bank from re-litigating any claims arising out of the same transaction the subject of Cause No. 2008-60974 or that could have been litigated in that case prior to the April 20, 2009 judgment."

In its brief on appeal, Deutche Bank does not address this argument. Deutche Bank focuses solely on whether the 80th District Court's 2007 disbursement order precluded the claim for excess proceeds.

An appellant must challenge all possible grounds upon which a summary judgment could have been granted, whether properly or improperly. *See, e.g.,*

---

[2] Although Carrington filed a notice of appeal, Carrington does not assert any issues on appeal specific to Carrington. In their joint brief, Deutche Bank and Carrington only challenge the trial court's granting of the Stockdick parties' motion for summary judgment on Deutche Bank's claim for the excess proceeds.

*FinServ Cas. Corp. v. Transamerica Life Ins.*, 523 S.W.3d 129, 139 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "If the appellant fails to challenge all grounds on which the judgment may have been granted, the appellate court must uphold the summary judgment." *Heritage Gulf Coast Props. v. Sandalwood Apartments Inc.*, 416 S.W.3d 642, 653 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see also Williamson v. State Farm Lloyds*, 76 S.W.3d 64, 67 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

Because Deutche Bank does not challenge all grounds upon which the summary judgment may have been granted—in particular, that the 2009 judgment bars Deutche Bank's claim under the defense of res judicata—we must uphold the summary judgment. *See Heritage Gulf Cost Props.*, 416 S.W.3d at 653; *Williamson*, 76 S.W.3d at 67.

Deutche Bank's issues are overruled.

### III.    THE STOCKDICK PARTIES' APPEAL

In their second issue on appeal, the Stockdick parties contend that the trial court erred by rendering summary judgment (1) on their claim for statutory fraud because the Bank parties did not move on it; and (2) on their claims for common law fraud and statutory fraud under Chapter 12 of the Civil Practice and Remedies Code because there are genuine issues of material fact regarding each claim. In their third issue, the Stockdick parties contend that the trial court erred by refusing to allow them to supplement their summary judgment evidence. In their first and fourth issues, they contend that the 215th District Court and 80th District Court each erred by allowing Deutche Bank to supplement and amend its petition.

## A.    Procedural Background

In their live petition, the Stockdick parties asserted claims for statutory fraud and common law fraud based on the Bank parties' use of allegedly "forged" documents, which resulted in Deutche Bank's filing of a "fraudulent" lis pendens. The Stockdick parties claimed that the Bank parties forged documents and used the forgeries to prosecute this case to conceal Deutche Bank's lack of a valid chain of assignments, indorsements on the note, or the validity of the note. In particular, the Stockdick parties complained about (1) an October 15, 2008 assignment of the deed of trust from New Century to Deutche Bank; (2) the indorsements on the note; (3) the original note itself; and (4) an October 15, 2008 lis pendens filed by Deutche Bank.[3]

In its motion for summary judgment, Deutche Bank listed the Stockdick parties' claims, including Chapter 12 and fraud, and argued, "Each of these claims fails as a matter of law." Deutche Bank made the following argument regarding the fraud claims:

> **C. The Bank did not act fraudulently toward the Counterclaimants, and the Counterclaimants have no evidence of fraud.**
>
> To prove an action for common-law fraud, the Counterclaimants must establish the Bank's representations were false and that the Bank made the representations knowing that they were false or without any knowledge of its truth. *Italian Cowboy Partners v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011); *Landers v. Aurora Loan Servs.*, 434 S.W.3d 291, 293–94 (Tex. App.—Texarkana 2014, no pet.). The Bank has not asserted any claim with knowledge that any document is a fraudulent court record or fraudulent lien or claim against real property or an interest in real property. The

---

[3] The Stockdick parties also asserted other claims and various defenses to Deutche Bank's claims, including that Deutche Bank lacked standing or capacity to bring its claims because Deutche Bank was not the holder of the note.

Counterclaimants have no evidence that the Note, Deed of Trust, the endorsement to the Note, or the assignment of the Deed of Trust, or any other court record or claim against real property at issue in this case are false, that the Bank knew they were false, or that the Bank represented the documents to be valid without knowledge of their validity. Therefore, the Bank is entitled to a no evidence summary judgment on the Counterclaimants' claim for fraud.[4]

Carrington also filed a motion for summary judgment and "incorporate[d] into this Motion as if set forth word for word herein" each of the arguments made in Deutche Bank's motion.

The Stockdick parties responded with evidence and made arguments regarding both Chapter 12 statutory fraud and common law fraud. The trial court granted Deutche Bank's motion and dismissed with prejudice the Stockdick parties' claims against the Bank parties.

## B.    Standards of Review

The party moving for a traditional summary judgment has the initial burden to show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Lujan v. Navistar Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant satisfies this burden, then the burden shifts to the nonmovant to raise a genuine issue of material fact precluding summary judgment. *Id.* To raise a genuine issue of material fact, evidence must transcend mere

---

[4] Deutche Bank also made an argument in the motion that the Stockdick parties lacked standing to challenge the assignments to Deutche Bank or status as holder of the note and deed of trust. This argument, however, was not presented as a ground for summary judgment on the Stockdick parties' fraud claims. It was made only within the section of the motion addressing the Stockdick parties' affirmative defenses. For example, Deutche Bank argued, "Defendants lack standing to assert many of their affirmative defenses"; Deutche Bank "is entitled to summary judgment on the Stockdick Defendants' affirmative defense of lack of standing"; and, "Because the Defendants lack standing to challenge the assignments and compliance with the operative securitization documents, the Bank is entitled to summary judgment that it has standing as the holder of the Note and Deed of Trust to claim the Excess Proceeds."

suspicion. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Evidence that is so slight as to make any inference a guess is no evidence to raise a genuine issue of material fact. *See id.*

In a no-evidence motion for summary judgment, the movant contends that no evidence supports one or more essential elements of a claim for which the nonmovant would bear the burden of proof at trial. *KCM Financial LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015) (citing Tex. R. Civ. P. 166a(i)). The trial court must grant the motion unless the nonmovant raises a genuine issue of material fact on each challenged element. *Id.* A no-evidence summary judgment is essentially a pretrial directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). A no-evidence point will be sustained if the evidence offered to prove a vital fact is no more than a mere scintilla. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.*; *see also Kuentz v. Cole Sys. Grp., Inc.*, 541 S.W.3d 208, 213 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Less than a scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion. *King Ranch*, 118 S.W.3d at 751.

We review a grant of a motion for summary judgment de novo. *KCM*, 457 S.W.3d at 79. We review the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and disregarding contrary evidence unless reasonable fact finders could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009); *see also King Ranch*, 118 S.W.3d at 751. We must consider a party's evidence in context with other evidence. *See Serv. Corp. Int'l v. Guerra*,

348 S.W.3d 221, 229 (Tex. 2011) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 812 (Tex. 2005)).

**C.    Deutche Bank's Traditional Motion for Summary Judgment on Statutory Fraud**

Initially, the Stockdick parties contend that we must reverse the summary judgment on the statutory fraud claim because Deutche Bank did not move for summary judgment on this claim. *See, e.g.*, *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). Under the fraud statute, the Stockdick parties had to prove, among other things, that the Bank parties made, presented, or used a document or other record with "knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property." Tex. Civ. Prac. & Rem. Code § 12.002(a)(1). In its motion, Deutche Bank argued that it had not asserted any claim with knowledge that any document was a fraudulent court record or a fraudulent lien or claim against real property or an interest in real property. We assume without deciding that this argument sufficed as a ground for traditional summary judgment on the Stockdick parties' statutory fraud claim, so we proceed to the merits of the summary judgment on the claim. *See, e.g.*, *Coleman v. Revak*, No. 01-07-00438-CV, 2008 WL 2466276, at *2 (Tex. App.—Houston [1st Dist.] June 19, 2008, no pet.) (mem. op.).

The Stockdick parties do not dispute that Deutche Bank met its initial burden to show that it was the owner of the note and did not know any of its documents were fraudulent or used for a fraudulent lien or claim. Rather, the Stockdick parties contend that various discrepancies in documents that Deutche Bank utilized in this litigation raise a genuine issue of material fact about whether Deutche Bank was an owner or holder of the note—an allegation essential to

Deutche Bank's lawsuit—and that the Bank parties knew that their documents were fraudulent.

The Stockdick parties first point to the fact that the October 15, 2008 assignment of the note and deed of trust to Deutche Bank is signed by John Alkire "as EVP of New Century Mortgage Corporation," although Alkire was actually a Carrington employee when he signed it. The Stockdick parties do not dispute that Carrington acquired New Century's servicing business during New Century's bankruptcy, and that New Century authorized Alkire to assign mortgages, deeds, and other such documents. The Stockdick parties contend that the October 15, 2008 assignment is forged or fake because New Century ceased to exist at the time Alkire signed the assignment; it had been dissolved during a bankruptcy proceeding. The Stockdick parties contend, but do not support with citation to the record, that Deutche Bank knew of the dissolution because Deutche Bank "participated" in the bankruptcy. The Stockdick parties point to a Deutche Bank representative's testimony that the October 15, 2008 assignment was done "to make ease of lawsuits" and to give "public notice" of ownership. The representative insisted that the note had already been conveyed, and ownership transferred, when the note entered the securitized trust.

The Stockdick parties also focus on various copies of the note that were produced during the litigation. One copy had a barcode sticker and hollowed-out font on the title, while the alleged original note did not have the sticker or hollowed-out font in the title. The Stockdick parties' expert opined that there was no evidence that the barcode sticker appearing on the copy had ever been placed on the original, but she also found no evidence to determine the date on which the original note was prepared. The Stockdick parties contend that closing instructions required the title company to generate three certified copies of the note, but the

10

copies were not included with the origination file. They also contend that Deutche Bank initially produced copies of the note without an indorsement, but the alleged original note includes an indorsement. Furthermore, they dispute Deutche Bank's contention that Deutche Bank had received the original note on June 7, 2006, because it was "literally impossible" and "defies reason" to believe that the note could have been received, indorsed, and recorded in Deutche Bank's online system by June 7, 2006—four days after the closing. The Stockdick parties point to some records from Deutche Bank's "online system" to argue that the records do not show receipt of the note. But, the records do not affirmatively show non-receipt. The Stockdick parties posit that the records "could mean" there was no indorsement on the note. They contend that these discrepancies raise a genuine issue of material fact about whether the alleged original note was "re-manufactured," whether the note is authentic, and whether it was ever indorsed or delivered to Deutche Bank.

Next, the Stockdick parties contend that the indorsement signature on the note by Steve Nagy does not match the signature on another document that Carrington produced during the litigation. They suggest that a "visual examination of the two stamps shows they are not the same" and again points to the fact that Deutche Bank produced several copies of the note without Nagy's indorsement. The Stockdick parties adduced expert testimony that both signatures were from a rubber stamp but that they were not from the same stamp. The expert was not asked to determine whether the note was the original, but the expert opined that the other initials and signature on the note (designated as Susan Wittenberg's) were "original, ink-on-paper writing executed by a person."

Finally, the Stockdick parties contend that Deutche Bank's lis pendens was fraudulent because Deutche Bank did not have a right to a lis pendens against the

property. They allege that Deutche Bank "misrepresented ownership of the Wittenberg Note, and, together with Carrington, concealed that fact by reliance on a fake assignment, note, and indorsements."

The Stockdick parties cite to no factually analogous cases to show that the Bank parties knew they were asserting a fraudulent claim based on forged, fake, or remanufactured documents. The Stockdick parties rely only on mere suspicious circumstances. Although circumstantial evidence may establish a party's knowledge by reasonable inference, an inference is not reasonable if it is premised on mere suspicion. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 634 (Tex. 2015). Some suspicion linked to other suspicion produces only more suspicion, not evidence. *Id.* Nor is an inference reasonable if it is susceptible to multiple, equally probable inferences, requiring the fact finder to guess to reach a conclusion. *Id.* An inference stacked only on other inferences is insufficient. *Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003)

Having reviewed the evidence in the summary judgment record, we agree with the trial court that summary judgment was proper on the Stockdick parties' claims because the evidence is so weak as to do no more than create a mere surmise or suspicion that Deutche Bank was not the owner or holder of the note or that the Bank parties knew their documents were made or used to further fraudulent claims. Even if the Stockdick parties could have raised a fact issue about the legal efficacy of the October 15, 2008 assignment, they have adduced no more than a mere scintilla of evidence that Deutche Bank knew it was not the owner or holder of the note and thus entitled to bring its claim and lis pendens for the property.

**D.     Deutche Bank's No-Evidence Motion on Common Law Fraud**

To prove common law fraud, a claimant must prove, among other elements, that (1) the defendant made a material representation that was false, and (2) when the representation was made, the defendant knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion. *See Italian Cowboy Partners, Ltd. v. Prudential Ins.*, 341 S.W.3d 323, 337 (Tex. 2011). Deutche Bank challenged these elements in its no-evidence motion for summary judgment on the Stockdick parties' fraud claim.

In their live petition, response to the summary judgment, and on appeal, the Stockdick parties rely upon the same documents and arguments to support their common law fraud claim as they do for the statutory fraud claim. As with our review of the statutory fraud claim, we conclude that the Stockdick parties' evidence is less than a scintilla because it so weak as to do no more than create a mere surmise or suspicion that the Bank parties made material representations that they knew were false or made them recklessly.

The Stockdick parties' second issue is overruled.

**E.     Supplemental Evidence**

The Stockdick parties contend that the trial court erred by denying their oral request to supplement their summary judgment evidence at the summary judgment hearing held on January 31, 2017, and subsequent written motion for leave to supplement the summary judgment evidence. The supplemental evidence included (1) a Securities and Exchange Commission Form 10-Q for New Century dated November 11, 2006; (2) over 150 pages of certified deeds from Harris County, which appear to have been originally executed in 2006; and (3) excerpts from the second deposition of the Bank parties' corporate representative taken on January 5, 2017. To support their motion, the Stockdick parties filed a declaration from

13

counsel stating that they did not intentionally omit the supplemental evidence or act with conscious indifference because of "the timing" of the deposition and the "discovery of the new evidence."

Except on leave of court, a nonmovant's summary judgment evidence must be filed seven days before the hearing. *See* Tex. R. Civ. P. 166a(c), (d); *Williams v. Huber*, 964 S.W.2d 84, 86–87 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *Bell v. Moores*, 832 S.W.2d 749, 755 (Tex. App.—Houston [14th Dist.] 1992, writ denied). We review for an abuse of discretion the trial court's refusal to consider late-filed summary judgment evidence. *See Williams*, 964 S.W.2d at 87.

The parties disagree about whether a trial court must grant leave to supplement a summary judgment response with evidence if the nonmovant shows good cause for the tardiness—i.e., that the failure to file the evidence was not intentional or the result of conscious indifference but the result of accident or mistake. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (applying the good-cause standard when a nonmovant sought leave to file an untimely response to a motion for summary judgment). Consistent with the Stockdick parties' argument, we assume without deciding that this standard applies to a motion for leave to file late summary judgment evidence.

Deutche Bank and Carrington filed their amended motions for summary judgment on October 13 and 14, 2016, respectively, and the Stockdick parties filed their response on October 28, 2016. The hearing at which the Stockdick parties sought leave to supplement their response was held three months later on January 31, 2017. Review of the Stockdick parties' written motion for leave and the supporting documents show that the "new" documents had been generated about a decade before the hearing and could have been available well before the hearing. The Stockdick parties took the second deposition of the Bank parties' corporate

14

representative more than twenty-five days before the summary judgment hearing. The Stockdick parties' declaration provides no explanation for why they could not have obtained the documents earlier and timely responded to the motion for summary judgment, why they could not have asked the corporate representative the pertinent questions at the earlier deposition, or why they could not have supplemented the summary judgment evidence seven days before the summary judgment hearing. On this record, the trial court did not abuse its discretion by finding that the Stockdick parties have not demonstrated good cause. *See id.* (no abuse of discretion to deny leave to file late response because there was no explanation for why the party failed to timely respond other than a bare assertion that counsel had "miscalendared" the hearing).

The Stockdick parties' third issue is overruled.

## F.     Deutche Bank's Supplemental and Amended Petitions

The Stockdick parties contend that the 215th District Court erred by allowing Deutche Bank leave to supplement its petition with the claim for excess proceeds following the 2009 final judgment, and the 80th District Court erred by allowing Deutche Bank to amend its petition to add a request for attorney's fees. But ultimately, the trial court denied Deutche Bank any relief in this case—the court dismissed Deutche Bank's claim for excess proceeds by summary judgment and then denied Deutche Bank's motion for attorney's fees. And, as explained above, we affirm the trial court's summary judgment on the claim for excess proceeds. The Stockdick parties do not explain how these alleged errors caused the rendition of an improper judgment, and we see no harm. *See* Tex. R. App. P. 44.1; *see also City of Waco v. Tex. Coffin Co.*, 472 S.W.2d 800, 804 (Tex. App.—Waco 1971, writ ref'd n.r.e.) (harmless error to allow amendment of petition to increase damages from $75,000 to $125,000 because jury ultimately awarded only

$75,000); *cf. Lyon v. Bldg. Galveston, Inc.*, No. 01-15-00664-CV, 2017 WL 4545831, at *13 (Tex. App.—Houston [1st Dist.] Oct. 12, 2017, pet. denied) (mem. op.) (holding that denial of motion for leave to amend petition to allege presentment of claim for purposes of attorney's fees probably caused the rendition of an improper judgment because the trial court ultimately denied fees). The error, if any, is not reversible. *See* Tex. R. App. 44.1.

The Stockdick parties' first and fourth issues are overruled.

## IV.  CONCLUSION

Having overruled each party's dispositive issues, we affirm the trial court's judgment.


/s/     Ken Wise
Justice


Panel consists of Justices Wise, Zimmerer, and Spain.