Ramona Rodriguez PEREZ, Appellant,

v.

Jose Joaquin CUETO, M.D., Appellee.

No. 14–94–00583–CV.

Court of Appeals of Texas,
Houston (14 Dist.).

Aug. 31, 1995.

Joel A. Gordon, Houston, for appellant.

Claude M. McQuarrie III, Fulbright & Jaworski, Houston, Ben Taylor, Fulbright & Jaworski, Dallas, for appellee.

Before MURPHY, C.J., and ANDERSON and HUDSON, JJ.

## OPINION

MURPHY, Chief Justice.

Appellant Ramona Rodriguez Perez brings this appeal from a summary judgment in favor of appellee Jose Joaquin Cueto, M.D. In two points of error, appellant alleges the trial court erred in failing to provide appellant sufficient notice of the hearing on appellee's Motion for Summary Judgment, and in granting appellee's Motion for Summary Judgment. We affirm.

Appellee, assisted by a junior resident, attempted to perform a dilatation and curettage on appellant for complications arising from a possible aborted uterine pregnancy. In the process of sounding the uterus, appellee perforated the uterine wall and the anterior wall of the rectosigmoid colon with the sounding instrument. As a result of the perforations and the diseased nature of appellant's uterus and rectosigmoid colon, appellant incurred a hysterectomy and a diverting loop colostomy.

In her first point of error, appellant alleges the trial court erred in failing to give her sufficient notice of the hearing on appellee's Motion for Summary Judgment in violation of the due course of law provision in the Texas Constitution. TEX. CONST. art. 1, § 19.

Approximately three and one-half years after appellant filed suit against appellee, the cause came to trial. On the day of trial, appellant exercised her right to strike the visiting judge assigned to the case. Instead of assigning another judge to the cause and proceeding with trial, the presiding trial judge announced that she would conduct a hearing on appellee's Motion for Summary Judgment immediately after lunch. At the hearing, the trial judge reversed a prior ruling denying the same, and granted the summary judgment in favor of appellee.

Appellant contends the short notice of the hearing denied her the opportunity to supplement the summary judgment record. Nevertheless, by appellant's own admission in her Motion for New Trial, the trial court gave notice at least two weeks before the trial setting that it intended to reconsider appellee's Motion for Summary Judgment, that it would hear arguments on the Motion, but that it would not allow the parties to file anything prior to the hearing. Moreover, the record before this Court does not indicate that appellant voiced any objection to the trial court's failure to timely notify her of the hearing, other than an objection to the lack of notice based on statutory grounds which she did not raise on appeal. Because appellant did not raise an objection to the lack of notice based on a constitutional violation to the court below, she has failed to preserve error for our review. A party must present to the trial court a timely request, objection, or motion in order to preserve a complaint on appeal. TEX.R.APP.P. 52(a); *San Jacinto River Authority v. Duke*, 783 S.W.2d 209, 210 (Tex.1990) (per curiam); *Cannon v. Lemon*, 843 S.W.2d 178, 183 (Tex. App.—Houston [14th Dist.] 1992, no writ). Even a constitutional claim must have been asserted in the trial court in order to be raised on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex.1993); *Cannon*, 843 S.W.2d at 183; *Lynch v. Port of Houston Auth.*, 671 S.W.2d 954, 957 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Appellant's first point of error is overruled.

In her second point of error, appellant contends the trial court erred in grant-

ing summary judgment. A defendant is entitled to prevail on his motion for summary judgment if he can establish with competent proof that as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). The standards for reviewing summary judgment proof are as follows:

(1) the movant has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law;

(2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant must be taken as true; and

(3) every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

■ In a medical malpractice case, the plaintiff must prove by competent testimony that the defendant's negligence proximately caused the plaintiff's injury. *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988). To do so, the plaintiff must prove a duty by the physician to act according to a certain standard, a breach of the applicable standard of care, an injury, and a causal connection between the breach of care and the injury. *Elam v. Yale Clinic,* 783 S.W.2d 638, 642 (Tex.App.—Houston [14th Dist.] 1989, no writ). Further, in medical malpractice suits, negligence and proximate cause must be proven by expert testimony. *Rinando v. Stern,* 831 S.W.2d 459, 462 (Tex.App.—Houston [14th Dist.] 1992, no writ).

■ At the time the trial court ruled on appellee's Motion for Summary Judgment, appellant's operative pleading[1] alleged appellee was negligent in the following manner:

1. In applying too much pressure with a diagnostic tool, whereby puncturing Plaintiff's uterus;

2. In applying too much pressure with a diagnostic tool, whereby puncturing Plaintiff's rectosigmoid;

5. In failing to inform MS. RODRIGUEZ of the risks of the operation performed on her; and

6. In failing to conduct a [sic] examination of the Plaintiff's uterus and cervix before beginning the dilatation and curettage procedure.

To negate these allegations, as a matter of law, appellee was required to show that in treating appellant, he acted within applicable standards of ordinary care which a reasonable and prudent member of the medical profession would undertake. *Cedillo v. Jefferson,* 802 S.W.2d 866, 870 (Tex.App.—Houston [1st Dist.] 1991, writ denied).

To support his Motion for Summary Judgment, appellee attached his own affidavit and the corroborating affidavit of another expert and eyewitness, his assistant Dr. Munoz. Both affiants testified to the applicable standard of ordinary care utilized in performing a dilatation and curettage, and that appellee met that standard in attempting to sound appellant's uterus. Appellant did not attach the affidavit of an expert to her Response to appellee's Motion for Summary Judgment, but attached her own affidavit and medical records.

■ The affidavit of an interested expert witness can support summary judgment if the subject matter is such that a trier of fact would be "guided solely by the opinion testimony of experts, if the evidence is clear, positive, direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted," even if the expert is a party to the suit. Tex. R.Civ.P. 166a(c); *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991); *Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986). If an interested expert wit-

---

1. On the same day that it granted summary judgment, the trial court sustained appellee's Special Exceptions to Appellant's Fifth Amended Petition and struck allegations three and four from the pleadings in which appellant alleged that appellee caused the necessity for the removal of her entire uterus and the necessity of performing the colostomy.

ness presents legally sufficient evidence in support of a motion for summary judgment, the opposing party must produce other expert testimony to controvert the claims. *Anderson,* 808 S.W.2d at 55. Lay testimony is insufficient to refute an expert's testimony. *Id.*

Appellant contends appellee's supporting affidavits are insufficient because statements in both affidavits that appellee exerted mild, gentle pressure in attempting to sound the uterus are not readily controvertible. Appellant contends the amount of pressure exerted by a surgeon's hands can only be judged by the surgeon who is actually applying the physical force. Therefore, appellee's affidavits, according to appellant, are simply self-serving statements, and are incapable of supporting a summary judgment. *See Allied Chemical v. DeHaven,* 752 S.W.2d 155, 158 (Tex.App.—Houston [14th Dist.] 1988, writ denied) (stating self-serving statements of interested parties, testifying as to what they knew or intended, do not meet the standards for summary judgment).

The Texas Supreme Court defined the phrase "could have been readily controverted" to mean the testimony at issue is of a nature which can be effectively countered by opposing evidence. *Casso v. Brand,* 776 S.W.2d 551, 558 (Tex.1989). In general, issues such as intent and knowledge are the kind of issues the supreme court holds as exemplifying matters that cannot be readily controverted. *DeHaven,* 752 S.W.2d at 158. In this case, appellee's intent and knowledge are not at issue. The amount of pressure applied by appellee in sounding appellant's uterus is subject to observation, which appellant could have effectively countered by opposing evidence.

Because appellant failed to attach the affidavit of an expert to controvert appellee's claims, appellee was able to establish with competent proof that as a matter of law, no genuine issue of fact existed as to one of the essential elements of appellant's cause of action, namely, that appellee breached the appropriate standard of ordinary care. The trial court did not err in granting summary judgment in appellee's favor. Therefore, we do not reach the substance of appellant's second argument under this point of error that harm from the procedure was foreseeable. Appellee's second point of error is overruled.

The judgment of the court below is affirmed.