Michelle Denise PREBLE, Appellant,

v.

Ronald L. YOUNG, M.D., Ronald L. Young, M.D., P.A., Diagnostic Center Hospital, Inc. and Mei Lau, R.N., Appellees.

No. 14–97–00293–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1999.

---

**154**

Zoe Brigitta Littlepage, Sidney Ravkind, Houston, for appellants.

Alvin Laser, T. Wade Christiansen, Marsha M. Nichols, Houston, for appellees.

Panel consists of Justices YATES, FOWLER and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

This is an appeal of a medical malpractice case in which the trial court granted summary judgment in favor of the medical defendants. Appellant, Michelle Denise Preble, filed suit against appellees Ronald L. Young, M.D., Ronald L. Young, M.D., P.A., Diagnostic Center Hospital, Inc. and Mei Lau, R.N.,[1] asserting causes of action for medical malpractice and assault and battery for personal injuries she suffered during a 1992 operation. Ms. Preble appeals the trial court's granting of summary judgment in favor of the appellees on both causes of action. We affirm as to the medical malpractice claim and reverse as to the assault and battery claim.

---

1. At oral argument, appellant's counsel conceded that Mei Lau, R.N. was not a proper party to this suit and elected to dismiss all claims against her. Therefore, we affirm the trial court's granting of summary judgment in favor of Mei Lau, R.N. on all claims asserted against her.

## Factual Background

In January 1992, Ms. Preble was admitted to Diagnostic Hospital for laparoscopic gallbladder surgery. Because the gall bladder operation was to be performed through a laparoscope, the surgery presented an excellent opportunity for her gynecologist to observe endoscopically for the purpose of diagnosing pelvic pain Ms. Preble had also been experiencing. Although Dr. Young was Ms. Preble's gynecologist at the time, she did not want him to participate in the surgery. Ms. Preble arranged for Dr. Gail Burbridge, a general surgeon, to perform the gall bladder operation. Prior to surgery, Ms. Preble informed both Drs. Young and Burbridge that she did not want Dr. Young (gynecologist) to assist or even attend the surgery. Dr. Burbridge then made arrangements for another gynecologist to assist in the laparoscopic surgery.

Despite Ms. Preble's pre-surgery instructions, Dr. Young attended the gall bladder operation. During the surgery, Ms. Preble suffered a ruptured blood vessel when a trocar was placed in the supra pelvic region. She claims that despite her directives, Dr. Young participated in the operation and caused her injuries. The appellees, on the other hand, maintain that while Dr. Young was present in the operating room, he never participated in the surgery except to consult from a distance, and that it was Dr. Burbridge who placed the trocar that hit Ms. Preble's blood vessel.

Ms. Preble filed suit against Dr. Burbridge and the appellees for assault and battery and medical malpractice. The trial court granted Dr. Burbridge's motion for summary judgment, leaving Dr. Young, his professional association (Ronald L. Young, M.D., P.A.), Diagnostic Hospital, and Mei Lau, a registered nurse who assisted in the surgery, as the remaining defendants in the lawsuit. These defendants each filed motions for summary judgment asserting that Dr. Young did not participate in the surgery, and therefore, Ms. Preble's claims of assault and battery and medical malpractice failed as a matter of law. The trial court granted the appellees' motions for summary judgment on both claims. Ms. Preble now asserts that the trial court erred because a genuine issue of material fact exists as to whether Dr. Young participated in the surgery.

## Standard of Review

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See Nixon v. Mr. Property Management Co. Inc.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue precludes summary judgment, we take as true all evidence favoring the non-movant. *See id.* at 548–49. In reviewing the record, we indulge every reasonable inference from the evidence and resolve any doubts in favor of the non-movant. *See id.* at 549. In their motions for summary judgment, appellees sought to negate essential elements of both the medical malpractice claim and the assault and battery claim. In its order granting summary judgment, the trial court did not specify the grounds on which the motions were granted. Therefore, we review the summary judgment evidence to determine if *any* ground advanced by the appellees is meritorious for each of the two causes of action at issue in this case. *See Rogers v. Ricane Enter., Inc.*, 772 S.W.2d 76, 79 (Tex.1989).

## Medical Malpractice

■ To prevail on a medical malpractice claim, the plaintiff must establish (1) a duty requiring the defendant to conform to a certain standard of care; (2) the applicable standard of care and its breach; (3) resulting injury; and (4) a reasonably close causal connection between the alleged breach of the standard of care and the alleged injury. *See Williams v. Huber*, 964 S.W.2d 84, 86 (Tex.App.—Houston [14th Dist.] 1997, no writ). The establish-

ment or preclusion of summary judgment on these elements is dependent upon expert testimony. *See Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1966). While the testimony of an interested expert witness can support summary judgment, the testimony must be clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and such that it could have been readily controverted. *See* Tex.R. Civ. P. 166a(c); *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex.1991). If the interested expert witness presents evidence sufficient to support the motion for summary judgment, the opposing party must produce its own expert testimony to controvert the summary judgment proof. *See Anderson,* 808 S.W.2d at 55; *Perez v. Cueto,* 908 S.W.2d 29, 31–32 (Tex.App.— Houston [14th Dist.] 1995, no writ).

Appellees' motions for summary judgment on the medical malpractice claim asserted two separate grounds for summary judgment. First, appellees argued that Dr. Young did not participate in the surgery, thereby eliminating all of the essential elements of the medical malpractice claim. Second, they presented evidence that, regardless of who performed the surgery, the actions taken during the surgery did not breach the applicable standard of care. In support of their second ground, the appellees presented the deposition testimony of Dr. Burbridge, who testified as a medical expert that it was not uncommon for small blood vessels to be ruptured during laparoscopic gallbladder surgeries like the one performed on Ms. Preble. She testified that rupturing a small blood vessel did not breach the standard of care for surgeons that perform such operations. Finally, Dr. Burbridge testified that in her expert medical opinion, the rupturing of the small blood vessel was not the cause of the injuries of which Ms. Preble complained.

■ Ms. Preble did not file any controverting expert affidavit to dispute Dr. Burbridge's expert testimony. Therefore, even if we assume that Dr. Young participated in the surgery and ruptured the blood vessel, as Ms. Preble contends, she still cannot prevail on her medical malpractice claim because she has presented nothing to controvert the appellees' summary judgment evidence as to the appropriate standard of care and whether that standard of care was breached. Without controverting medical expert testimony, the appellees have established as a matter of law that no genuine issue of fact exists as to an essential element (standard of care) of Ms. Preble's medical malpractice claim. *See Perez,* 908 S.W.2d at 32. The trial court did not err in granting summary judgment in favor of appellees as to the medical malpractice claims. Accordingly, we affirm the summary judgment as to those claims.

### Assault and Battery

■ In order to prevail on her cause of action for assault and battery, Ms. Preble, as the plaintiff, must prove that Dr. Young intentionally and knowingly had physical contact with her. In an assault and battery case, if the defendant establishes the lack of physical contact, then he successfully eliminates an essential element of the cause of action, thereby making it impossible for the plaintiff to prevail at trial. The sole basis on which appellees moved for summary judgment on the assault and battery claim was that Dr. Young did not participate in the operation, and thus could not have had intentional or knowing physical contact with Ms. Preble. In support of their motions, the appellees presented the affidavit of Dr. Young and the deposition testimony of Dr. Burbridge, both of which supported their contention that Dr. Young merely observed the operation and never had any physical contact with Ms. Preble. In response, Ms. Preble presented several pieces of summary judgment evidence, one of which was a hospital discharge summary report prepared by Dr. Burbridge immediately following the surgery. This hospital document stated:

[I]t was arranged that her gynecologist, Dr. Young, would look in at the time of [surgery] to examine her pelvis endoscopically.... At operation her pelvic examination was done first endoscopically and placing a lower abdominal trocar, *Dr. Young inadvertently passed the trocar through a vessel causing some active bleeding in the pelvis.* (emphasis added).

While recognizing that the discharge summary report was admissible as a business record under Rule 803(6) of the Texas Rules of Evidence, appellees nevertheless objected that it was inadmissible under the provision of that rule that excludes records "if the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." TEX.R. EVID. 803(6). Appellees based their objection to this document on the fact that the author of the discharge summary, Dr. Burbridge, later stated in a deposition that the discharge summary was "wrong." Although appellees presented arguments against the admissibility of this document and proffered proposed orders sustaining their objections to this summary judgment evidence, the trial court never ruled on any of their objections. By failing to secure rulings on their objections, the appellees waived any complaint on this appeal as to the admissibility of the discharge summary report. *See Hicks v. Humble Oil & Refining Co.,* 970 S.W.2d 90, 93 (Tex App.—Houston [14 th Dist.] 1998, pet. denied). Inasmuch as this document was part of the summary judgment evidence in the court below, it is properly before us today as a part of our review.

The discharge summary report prepared by Dr. Burbridge is clear and unambiguous, and it alone creates a fact issue as to whether Dr. Young had any knowing or intentional physical contact with Ms. Preble. In her deposition, Dr. Burbridge gave no explanation as to why the discharge summary report stated that Dr. Young participated in the surgery, other than to say that the document was "wrong." The fact that Dr. Burbridge presents two entirely different versions of the event—one in the discharge summary report and one in her oral deposition—creates a fact issue as to whether Dr. Young had physical contact with Ms. Preble. At the very least, Ms. Preble is entitled to cross-examine Dr. Burbridge and to have a jury make this factual determination.

After reviewing the summary judgment evidence in the light most favorable to the non-movant (Ms. Preble), we find that the discharge summary report creates a fact issue as to whether Dr. Young participated in the surgery. Therefore, we reverse the trial court's summary judgment on the assault and battery cause of action and remand that cause of action to the trial court for further proceedings.

The judgment of the trial court is affirmed as to Mei Lau, R.N., and affirmed in part and reversed in part as to all remaining parties.