IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-10023
(Summary Calendar)

LAWRENCE PROTHRO, on behalf of Jason
Prothro; DEBORAH PROTHRO, on behalf of
Jason Prothro,

                                        Plaintiffs-Appellees,

versus

CITY OF GARLAND; R. DUDLEY, individually
and in his official capacity; K. PRYOR,
individually and in his official
capacity; J. JESSEE, individually and in
his official capacity; D. SCRUGGS,
individually and in his official
capacity,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:98-CV-119-BF-X)
--------------------
September 29, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

    Defendants-Appellants the City of Garland and four of its
police officers —— Robert Dudley, Kirk Pryor, James S. Jessee, and
David Scruggs—appeal the district court's denial of their motion
for summary judgment based on qualified immunity in a civil rights
lawsuit brought on behalf of Jason Prothro.  The district court

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

denied the motion in its entirety, holding that none of the officers were entitled to qualified immunity on any of the claims. We have jurisdiction to review the district court's denials to the extent they turned on matters of law, including whether any issues of disputed fact are material. Colston v. Barnhart, 146 F.3d 282, 284 (5th Cir. 1998). Our review is de novo. Lemoine v. New Horizons Ranch and Ctr., Inc., 174 F.3d 629, 634 (5th Cir. 1999).

The officers argue first that the district court erred in concluding that they were not entitled to qualified immunity on Prothro's excessive-force claim. Viewing the summary judgment evidence in the light most favorable to Prothro, as we must on this appeal, we reject Officer Pryor's arguments that his actions were objectively reasonable and that Prothro suffered no more than a de minimis injury. See Ikerd v. Blair, 101 F.3d 430, 434 & n.9 (5th Cir. 1996). We conclude, however, that Officers Dudley and Jessee *are* entitled to qualified immunity because they had no "reasonable opportunity to realize the excessive nature of the [alleged] force and to intervene to stop it." Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). As there exists a genuine issue of material fact as to whether Officer Scruggs —— who, with a police dog, was located nearby at the relevant time —— had a reasonable opportunity to intervene but failed to do so, he is not entitled to a summary judgment dismissal based on qualified immunity. See id.

The officers also argue that the district court erred in holding that they were not qualifiedly immune on Prothro's false-arrest claim. We reject Prothro's contention that this issue is

not properly before us. On the merits and given the circumstances that the officers faced, we conclude that reasonable officers could have believed that probable cause existed to arrest Prothro for theft of a motor vehicle. See Sorenson v. Ferrie, 134 F.3d 325, 328 (5th Cir. 1998). Thus, the district court erred in holding that the officers were not entitled to qualified immunity on the false-arrest claim.

As for Prothro's state law assault and battery claims, we hold for reasons similar to those addressed in relation to the excessive-force claim, that the district court correctly determined that Officer Pryor was not entitled to qualified immunity: A reasonably prudent officer would not have used the amount of force alleged by Prothro. See Cantu v. Rocha, 77 F.3d 795, 808 (5th Cir. 1996). The district court did err, however, when it denied immunity to the other three officers. See id. Prothro has not alleged that any of the other three, even Officer Scruggs, made inappropriate physical contact. See Preble v. Young, 999 S.W.2d 153, 156 (Tex. App. 1999, no writ) (noting that actual touching is a necessary element to assault and battery claims). Finally, inasmuch as Texas does not recognize a separate tort of "official oppression," all of the officers are entitled to state-law qualified immunity on that claim, which the court failed to address. See Cantu, 77 F.3d at 810.

To recap: (1) We affirm the district court's holding that neither Officer Pryor nor Officer Scruggs was entitled to qualified immunity on Prothro's excessive-force claims, but we reverse the

court's holding that Officers Dudley and Jessee were not entitled to immunity on such claims; (2) on the summary judgment evidence, reasonable officers could have believed that probable cause existed to arrest him, so we reverse the district court's holding that the officers were not qualifiedly immune on the false-arrest claim; (3) we affirm the court's holding that Officer Pryor was not entitled to qualified immunity on Prothro's state-law assault and battery claims, but we reverse like holdings on this claim as to the other three officers; and (4) we conclude <u>de novo</u> that all the officers are qualifiedly immune from Prothro's official-oppression claim. The case is therefore remanded with instructions to enter the dismissals indicated above and to conduct further proceedings consistent herewith.

AFFIRMED in part; REVERSED and REMANDED in part, with instructions.