Affirmed and Memorandum Opinion filed February 19, 2009








Affirmed and Memorandum Opinion filed February 19, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00042-CV

____________

 

EIX, INC., AND SAEED MORADI, Appellants

 

V.

 

JP MORGAN CHASE BANK, N.A., Appellee

 



 

On Appeal from County
Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 857055

 



 

M E M O R A N D U M   O P I N I O N

Appellants Eix, Inc., and Saeed Moradi appeal from a
summary judgment in favor of appellee, JP Morgan Chase Bank, N.A. (AChase@), in connection
with Chase=s debt collection lawsuit.  Eix and Moradi contend
that the trial court erred by (1) considering inaccurate and misleading summary judgment evidence; and (2)
granting Chase=s summary judgment motion.  We affirm.








Background

Chase sued Eix and Moradi in Harris County Civil Court at
Law No. 3 on February 3, 2006.  Chase alleged that Eix executed and delivered
to Chase a revolving credit agreement with Chase on or about October 20, 1998,
and that Moradi personally guaranteed repayment.  Chase further alleged that
Eix and Moradi failed to make payments under the revolving credit agreement and
failed to pay off the debt when Chase notified them of their default and
demanded payment in full.  Eix and Moradi filed an answer denying Chase=s allegations on
March 6, 2006.

Chase filed two conventional motions for summary judgment
pursuant to Texas Rule of Civil Procedure 166a(a) on March 21, 2006, and
November 7, 2006.  The trial court denied both motions.  

Chase filed a third summary judgment motion under Rule
166a(a) on September 17, 2007.  This motion was supported by an affidavit from
Christine Betz, assistant vice-president of Chase.  Betz=s affidavit was
accompanied by a sworn copy of a ABusiness Unsecured
Revolving Credit Application for up to $100,000@ signed by Moradi
on October 16, 1998 on behalf of Eix in his capacity as president and
secretary.  Moradi also signed in his individual capacity and dated a portion
of the application entitled APersonal Guaranty.@

Betz=s affidavit identified her as an assistant
vice-president of Chase authorized to make an affidavit on Chase=s behalf.  Betz
stated in her affidavit that, on or about October 20, 1998, Eix executed and
delivered to Chase a ABusiness Revolving Credit Application and
Agreement@ in the original amount of $50,000, and that Moradi
signed a personal guaranty for sums borrowed under the agreement.  The affidavit
stated that Eix and Moradi had defaulted in payment of the amounts owed under
the agreement; Chase was the legal owner and holder of the debt; and Chase had
sustained damages of $44,817.54 through May 4, 2007, itemized as (1) $42,821.58
for the unpaid balance; (2) $1,590.29 for the unpaid accrued interest; (3)
$405.67 for fees and charges; and (4) per diem interest of $10.40.  








Chase=s third summary judgment motion was set
for submission on October 12, 2007.  Eix and Moradi filed a late response on
October 10, 2007, in which they objected to Betz=s affidavit and
the accompanying application.  Eix and Moradi simultaneously filed a motion for
leave to file a late response to Chase=s third summary
judgment motion.  The record contains no order from the trial court addressing
the motion for leave to file a late response.

The trial court signed an order granting Chase=s third summary
judgment motion on October 23, 2007.  Eix and Moradi appeal from this order. 

Standard of Review

We review a trial court=s grant of summary
judgment de novo.  Valence Operating Co. v. Dorsett, 164 S.W.3d
656, 661 (Tex. 2005).

The affidavit of an interested witness may support summary
judgment if the evidence is clear, positive, direct, otherwise credible and
free from contradictions and inconsistencies, and could have been readily
controverted.  See Perez v. Cueto, 908 S.W.2d 29, 31 (Tex. App.BHouston [14th
Dist.] 1995, no writ).  ACould have been readily controverted@ means that if the
testimony is of a nature which can be effectively countered by opposing
evidence _ such as facts subject to observation _ then summary
judgment is proper in the absence of controverting proof.  See id. at
32; Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).  Issues such as an
actor=s intent or
knowledge are the types of matters that cannot be readily controverted.  See
Perez, 908 S.W.2d at 32.

Once a movant has established a right to summary judgment,
the non-movant has the burden to respond and present to the trial court
evidence that would preclude summary judgment.  See Barbouti v. Hearst Corp.,
927 S.W.2d 37, 64 (Tex. App.BHouston [1st Dist.] 1996, writ denied).








Except with leave of the trial court, a non-movant must
file any written response and opposing affidavits no later than seven days
before the day of submission.  See Tex. R. Civ. P. 166a(c).  If a trial
court grants leave to file a late response to a summary judgment motion, it
must affirmatively indicate in the record acceptance of the late filing.  INA
of Tex. v. Bryant, 686 S.W.2d 614, 615 (Tex. 1985).  If nothing in the
record indicates that leave was granted, we must presume that the trial court
did not consider the late-filed response and we cannot consider it.  Id.

Analysis

Eix and Moradi contend on appeal that the trial court (1)
abused its discretion by allowing Chase to present inaccurate and misleading
summary judgment evidence; and (2) erred in granting Chase=s third summary
judgment motion because Chase failed to establish entitlement to summary
judgment as a matter of law.

I.        Assertedly
Defective Summary Judgment Evidence

Before we can address any asserted defects in Chase=s evidence
supporting its third summary judgment motion, we first must decide whether Eix
and Moradi waived their objections to such defects.  

Defects in the form of affidavits or attachments offered as
summary judgment evidence _ rather than defects in substance _ are not grounds
for reversal unless the complaining party obtains a ruling from the trial court
on its objection.  See Rogers v. Continental Airlines, Inc., 41 S.W.3d
196, 200 (Tex. App.BHouston [14th Dist.] 2001, no pet.); Hicks
v. Humble Oil & Ref. Co., 970 S.W.2d 90, 93 (Tex. App.BHouston [14th
Dist.] 1998, pet. denied); see also Tex. R. Civ. P. 166a(f).

Eix and Moradi asserted objections to Chase=s summary judgment
evidence but did not obtain a ruling from the trial court.  Therefore, Eix and
Moradi waived all objections to the form of the summary judgment evidence.  See
Rogers, 41 S.W.3d at 200; Hicks, 970 S.W.2d at 93.








We therefore examine the objections that Eix and Moradi
assert on appeal to determine whether they are objections to form or
substance.  Under their first issue, Eix and Moradi assert that the trial court
erred in overruling their objection to the document attached to Betz=s affidavit on the
grounds that Betz inaccurately states that the attached document was in the
original amount of $50,000 while the document does not state an original amount
of $50,000.  In addition, Eix and Moradi assert that Betz=s affidavit is
unreliable because she incorrectly states that the title of the attached
document is ABusiness Revolving Credit Application and Agreement.@  Eix and Moradi
further complain that Betz=s testimony as an interested witness could
not have been readily controverted.  See Tex. R. Civ. P. 166a(c).  All
of these objections are objections to form rather than substance, and thus Eix
and Moradi waived these objections by failing to obtain a ruling on them from
the trial court.[1] 
See Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 589 (Tex. App.BHouston [1st
Dist.] 2005, no pet.); Rogers, 41 S.W.3d at 200; Hicks, 970
S.W.2d at 93.

We overrule Eix=s and Moradi=s issue regarding
asserted defects in Chase=s summary judgment evidence.

II.       Propriety
of Granting Summary Judgment

In their second issue, Eix and Moradi assert that the trial
court erred in granting Chase=s third summary judgment motion because
Chase failed to establish entitlement to summary judgment as a matter of law. 
Eix and Moradi contend that Chase=s summary judgment
evidence failed to establish (1) that a contract existed between Chase and Eix
and Moradi; (2) the existence and amount of a debt owed by Eix and Moradi to
Chase; and (3) that Moradi had any personal liability as guarantor.  








A plaintiff may establish status as legal holder and owner
of a debt obligation by attesting to such status in a sworn affidavit.  See
Blankenship v. Robins, 899 S.W.2d 236, 238 (Tex. App.BHouston [14th
Dist.] 1994, no writ).  A plaintiff may establish that a certain balance is due
and owing on a debt obligation by stating this fact in a sworn affidavit.  Id.
at 238-39. 

Betz stated in her affidavit that (1) Eix executed and
delivered a ABusiness Revolving Credit Application and Agreement@ in the original
amount of $50,000 on or about October 20, 1998; (2) the agreement included
language whereby Moradi personally guaranteed repayment; (3) the agreement
provided for Eix and Moradi to make payments of all principal and interest; (4)
the complete terms of the agreement are described in the document attached to
Betz=s affidavit; (5)
Eix and Moradi failed to abide by the terms of the agreement by failing and
refusing to make payments as required under the terms of the agreement after
receiving a demand from Chase; (6) Eix and Moradi were notified by Chase of
such default and payment was demanded, but Eix and Moradi failed to cure their
default; (7) Chase is the legal owner and holder of the agreement and guaranty;
(8) the unpaid principal under the agreement as of May 4, 2007 was $42,821.58;
(9) the total amount owed as of May 4, 2007 including pre-judgment interest was
$44,817.54; and (10) each day after May 4, 2007, $10.40 more in additional
interest will accrue.  The trial court granted summary judgment to Chase for
the amount specified in Betz=s affidavit, as well as for attorneys= fees found in the
attorneys= fees affidavit submitted by Chase.

Eix and Moradi filed an untimely response to Chase=s motion.  See
Tex. R. Civ. P. 166a(c).  They did not obtain leave to file a late response.  See
Bryant, 686 S.W.2d at 615.  However, even if they had obtained leave, their
response did not contain any summary judgment evidence to preclude summary
judgment if Chase established entitlement to summary judgment as a matter of
law.  See Barbouti, 927 S.W.2d at 64.








After reviewing Chase=s summary judgment
evidence under the applicable de novo standard, we conclude this
evidence establishes as a matter of law that (1) a contract existed between
Chase and Eix and Moradi; (2) Eix and Moradi owe a debt to Chase in the amounts
stated in Betz=s affidavit; and (3) Moradi had personal liability for
this debt based on his personal guaranty.  See Perez, 908 S.W.2d at
31-32; Blankenship, 899 S.W.2d at 238-39; Casso, 776 S.W.2d at
558. 

We
overrule Eix=s and Moradi=s issue regarding the propriety of the trial court=s grant of Chase=s third summary judgment motion.

Conclusion

The trial court=s grant of summary
judgment is affirmed.

 

 

 

/s/      William J. Boyce

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]           Under their first issue, Eix and Moradi
make passing reference to the asserted insufficiency of Chase=s summary judgment evidence to support the trial court=s granting of Chase=s
motion.  These statements do not relate to evidentiary objections.  The
sufficiency of Chase=s summary judgment evidence is addressed in Part II of
this opinion.