**Opinion issued October 29, 2013.**



In The

# Court of Appeals

### For The

# First District of Texas

————————————

### NO. 01-12-01113-CR

————————————

## DAVID WILLIAM HALLENE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 176th District Court**
**Harris County, Texas**
**Trial Court Case No. 1303491**

## MEMORANDUM OPINION

David William Hallene was indicted for continuous sexual abuse of a child,

then plead guilty to the lesser offense of aggravated sexual assault of a child,[1]

---

[1] TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2012).

without an agreed punishment recommendation. The trial court held a sentencing hearing, at which it considered witness testimony and a pre-sentence investigation report, found Hallene guilty, and sentenced him to 40 years' confinement. Hallene's sole issue contends that the punishment was excessive, grossly disproportionate to the offense and, therefore, unconstitutional under both the United States and Texas Constitutions.

## Hallene failed to preserve issue

The Constitution requires proportionality between the crime for which a defendant has been convicted and the sentence received. *Solem v. Helm*, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009 (1983); *see also Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd); *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.). Preservation of a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, requires a defendant to present the claim to the trial court in a timely request, objection, or motion that states the grounds for the ruling requested. TEX. R. APP. P. 33.1(a); *see Perez v. Cueto*, 908 S.W.2d 29, 30 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("Even a constitutional claim must have been asserted in the trial court in order to be raised on appeal."). This is because, "[i]n cases where sentencing is discretionary, it is reasonable to require a trial objection

2

so that the trial court might have an opportunity to cure any error." *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, writ ref'd).

The failure to object when the sentence is assessed or to file a motion for new trial alleging a cruel and unusual sentence waives error. *See id.* (holding claim of cruel and usual punishment could not be raised for first time on appeal); *Perez*, 908 S.W.2d at 30 (holding that failure to raise constitutional claim through objection waived error); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (stating that defendant waived error because argument presented for first time on appeal); *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that defendant's failure to object that punishment was cruel and unusual waived error); *Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd) (holding defendant failed to preserve Eighth Amendment complaint for appeal).

When the trial court pronounced the 40 year sentence at the conclusion of the punishment hearing, no objection was lodged and no subsequent motion for new trial was filed to bring the issue to the trial court's attention. Accordingly, we hold that Hallene waived the claim of error.

## Conclusion

Having concluded that Hallene failed to preserve his sole appellate issue, we affirm the trial court's judgment.

Harvey Brown
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).